IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARY LOU B., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-19-813 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On March 15, 2019, Mary Lou B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 16, 17), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 17) are DENIED, the decision of the SSA is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

### PROCEDURAL HISTORY

On April 7, 2015, Plaintiff filed a Title II application for DIB, alleging disability beginning on April 6, 2015. Her claims were denied initially and upon reconsideration on September 18, 2015, and December 10, 2015, respectively. On January 12, 2016, Plaintiff filed a written request

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

1

for a hearing and, on June 23, 2017, an Administrative Law Judge ("ALJ") presided over a hearing. On February 22, 2018, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability within the meaning of the Social Security Act [(the "Act")] from April 6, 2015, through the date of this decision." ECF No. 12-3 at 18.[2] Thereafter, Plaintiff filed an appeal, and on January 15, 2019, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On March 15, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. On November 7, 2019,[3] Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on December 3, 2019. Plaintiff did not file a response, and the time to do so has since passed.[4] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported

---

[2] The Court cites to the page numbers generated by the CM/ECF filing system.

[3] Plaintiff filed a Motion for Extension of Time (ECF No. 13) on October 9, 2019, which was granted the same day (ECF No. 14). Plaintiff then filed a second Motion for Extension of Time on November 5, 2019 (ECF No. 15). While Plaintiff's second Motion for Extension of Time is still outstanding, because Plaintiff filed her Motion for Summary Judgment two days later, on November 7, 2019, the Court finds her second motion MOOT.

[4] On December 31, 2019, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

3

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and/or SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration

requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R.

5

§ 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant is able to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through December 31, 2020. ECF No. 12-3 at 20. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since April 6, 2015, the alleged onset date." *Id.* At step two, the ALJ found that Plaintiff had severe impairments of "lumbar facet disease; status post lumbar fusion; thoracic spondylosis; fibromyalgia; rheumatoid arthritis; obesity; asthma; and migraines." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 23–24. The ALJ then determined that Plaintiff had the RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; must avoid unprotected heights, moving mechanical parts, and operating a motor vehicle; can tolerate occasional exposure to extreme heat and cold, wetness, humidity, fumes, odors, dust, and other pulmonary irritants; and can tolerate moderate noise in the work environment.

*Id.* at 24. The ALJ then determined at step four that Plaintiff had past relevant work as a reservation agent and a patient registration clerk that she was capable of performing. *Id.* at 28. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in [the Act], from April 6, 2015, through the date of this decision." *Id.* at 29.

## DISCUSSION

Plaintiff raises several allegations of error on appeal. Plaintiff argues that the ALJ improperly assessed Plaintiff's RFC by failing to perform a function-by-function analysis, failing to properly consider her severe impairment of migraines, failing to assess her ability to perform work-related functions during an eight-hour day, and failing to properly evaluate her combination

7

of impairments. Plaintiff also argues the ALJ improperly evaluated her credibility under *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017). The Court agrees with Plaintiff's RFC arguments and disagrees with her credibility argument. Because remand is warranted for the ALJ's error in his RFC determination, the Court will only discuss Plaintiff's RFC arguments.

Several of Plaintiff's allegations of error pertain to the ALJ's RFC finding. In determining RFC specifically, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional

8

levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184). The Fourth Circuit, however, found that a per se rule requiring remand when an ALJ does not perform "an explicit function-by-function analysis" is inappropriate, because "remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Instead, the Court found "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177) (alterations in original).

Plaintiff contends that the ALJ's RFC assessment was not supported by substantial evidence in violation of *Mascio*. ECF No. 16-1 at 3–10. Specifically, Plaintiff argues that the ALJ did not perform a function-by-function analysis, did not properly consider her severe impairment of migraines, did not evaluate her ability to perform during an eight-hour workday, and did not properly consider her combination of impairments. *Id.* The Court agrees.

In *Mascio*, the Fourth Circuit specifically found that the ALJ did not perform a proper function-by-function analysis because while "the ALJ concluded that Mascio can perform certain functions, he said nothing about Mascio's ability to perform them for a full workday." *Mascio*, 780 F.3d at 637. The ALJ's conclusion was inappropriate because the reviewing courts were "left to guess about how the ALJ arrived at his conclusions on Mascio's ability to perform relevant functions." *Id.* In *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), the Fourth Circuit specifically provided "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the

other two." *Id.* at 311. The Fourth Circuit in *Thomas* "simply ask[ed] the ALJ to give [the court] a clearer window into her reasoning." *Id.* at 313.

Here, the ALJ cursorily walked through some of the medical evidence, outlined Plaintiff's daily activities, and provided only one-to-two sentences regarding each of the medical opinions he considered. *See* ECF No. 12-3 at 26–28. Nowhere in his RFC analysis did the ALJ discuss Plaintiff's abilities to perform work-related tasks over the course of a full workday. Regarding Plaintiff's migraines, while the ALJ included an RFC limitation that Plaintiff "can tolerate moderate noise in the work environment," the ALJ failed to explain how this limitation was sufficient to compensate for Plaintiff's severe impairment of migraines. *Id.* at 24. In fact, the only time in the RFC section the ALJ mentioned Plaintiff's migraines was in his credibility analysis. *Id.* at 26. Furthermore, while the ALJ's RFC analysis contains many conclusions, there is almost no logical explanation connecting the evidence of record to these conclusions. *See, e.g., id.* at 27–28 (finding that each medical opinion is only worthy of partial, little, or negligible weight, yet failing to discuss how these opinions contributed to his RFC findings). The lack of narrative discussion in the RFC analysis fails to provide the Court with a sufficient "window into [the ALJ's] reasoning." *Thomas*, 916 F.3d at 313.

Like in *Mascio*, the Court here is "left to guess" how the ALJ arrived at his conclusions, and, accordingly, the Court cannot conduct a meaningful review. *See Mascio*, 780 F.3d at 636–37. Remand is therefore necessary to provide a proper RFC analysis. In light of this basis for remand, the Court need not discuss Plaintiff's second allegation of error. On remand, the ALJ can consider those arguments and determine whether the Plaintiff's credibility should be weighted differently.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from April 6, 2015, through the date of his opinion. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the validity of the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: 29 January 2020

A. David Copperthite
United States Magistrate Judge